Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Susan E. Cox | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2699 | **DATE** | 6/28/2011 |
| **CASE TITLE** | Rickey L. Stevenson, a/k/a Ronnie L. McAtee vs. Richard M. Daley, et al | | |

**DOCKET ENTRY TEXT**

Final pretrial conference held and continued to 7/21/11 at 10:30 a.m. The parties are instructed to bring any exhibits they are seeking to admit into evidence to the 7/21/11 conference. Defendants' motions in limine [66] are granted in part as further described below. Ruling on plaintiff's motion in limine #1 [67], motion in limine #2 [68], motion in limine #3 [69], and motion in limine #5 [71], are held in abeyance. Plaintiff's motion in limine #4 [70] is granted. The parties are given leave to submit proposed voir dire questions to the Court prior to 7/18/11. The parties are also given leave to submit written argument bearing on the City's request to perform background checks on potential jurors prior to 7/18/11. Defendants are directed to submit a chart outlining plaintiff's prior litigation to the Court and to the plaintiff on or before 7/11/11. The chart must include plaintiff's prior lawsuits and contain the filing date, basis, disposition, and disposition date for each lawsuit. Plaintiff is given leave to respond to the chart prepared by the defendants on or before 7/18/11. Parties having stipulated that there is no Monell claim, plaintiff is given leave to amend the complaint instanter.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

The parties have stipulated that plaintiff brings no 42 U.S.C. § 1983 claim against the City of Chicago for municipal liability under *Monell v. City of New York Department of Social Services*.[1] Plaintiff is given leave to amend the complaint instanter to remove any allegations of a Monell claim. However, the Court finds that plaintiff's amended complaint [58] pleads an Eighth Amendment claim to which defendants have failed to respond. Defendants are directed to answer or otherwise respond to plaintiff's Eighth Amendment claim by 7/15/11. Plaintiff is instructed to submit proposed jury instructions to support his Eighth Amendment claim prior to 7/18/11.

The parties are given leave to submit proposed voir dire questions to the Court prior to 7/18/11. The parties are also given leave to submit written argument bearing on the City's request to perform background checks on potential jurors prior to 7/18/11.

The Court now addresses the parties' motions in limine. Plaintiff's motion in limine #1 [67] to bar evidence of plaintiff's drug and/or alcohol use is reserved. The Court will rule on the motion after plaintiff's direct examination. With respect to plaintiff's motion in limine # 2 [68] to bar evidence of plaintiff's criminal history, the Court rules that evidence of plaintiff's four prior burglary convictions is admissible pursuant to Federal Rule

## STATEMENT

of Evidence 609(a)(1). The Court finds that, in a case where plaintiff's credibility is a key factor in proving his case, the probative value of such convictions is not outweighed by prejudice.[2] However, evidence of the specific circumstances surrounding these convictions is inadmissible. The Court reserves its ruling on whether evidence of the underlying facts surrounding plaintiff's arrest in this case may be admitted. The Court will rule on the issue after plaintiff's direct examination. The Court reserves ruling on plaintiff's motion in limine #3 [69] concerning evidence of the individual officers' financial status. Plaintiff's unopposed motion in limine #4 [70] to exclude evidence of plaintiff's gang affiliation is granted. Plaintiff's motion in limine #5 [71] to bar evidence of plaintiff's prior lawsuits is reserved for additional briefing. Defendants are directed to submit a chart outlining plaintiff's prior litigation to the Court and to the plaintiff on or before 7/11/11. The chart must include plaintiff's prior lawsuits and contain the filing date, basis, disposition, and disposition date for each lawsuit. Plaintiff is given leave to respond to the chart prepared by the defendants on or before 7/18/11.

Defendants' motions in limine [66] are decided in the following manner. Motion in limine #1 to bar plaintiff's expert Dr. Chmell is granted in part, in that Dr. Chmell may not testify that plaintiff's injuries were caused by the defendant police officers. Dr. Chmell may, however, provide testimony as to whether the plaintiff's injury would be consistent with any particular cause, and may testify as to the plaintiff's subjective reports of causation. Motion in limine #2 to bar evidence of general orders and violations of policy is granted to the extent that the general orders or policies are not relevant to proving plaintiff's underlying claims. Plaintiff states in open Court that plaintiff raises no objection to defendants' motions in limine #3 (to bar evidence of prior bad acts of defendant officers and witness officers), #6 (to bar evidence of other incidents of police misconduct), and #7 (to bar evidence or argument regarding any Monell claim). The Court grants these unopposed motions. Motion in limine #four to bar evidence of the City's indemnification is granted in part, in that evidence of indemnification will be admissible only if the defendants choose to introduce evidence of the defendant officers' financial inability to pay punitive damages. Motion in limine #five is granted to the extent that the plaintiff may not refer to any "code of a silence" or "blue wall" within the police department. However, the plaintiff is not barred from arguing generally that employees of the police department may act to protect each other.

A plaintiff's oral motion to prevent defendants' counsel from speaking with plaintiffs' treating physician on the basis of privilege is denied. While federal courts recognize a psychiatrist-patient privilege,[3] the Seventh Circuit has not applied such a privilege to other physicians.[4]

Parties having stipulated that there is no Monell claim, plaintiff is given leave to amend the complaint instanter. Parties are given leave to file briefs regarding their position on pre-juror selection background investigations prior to 7/18/11.

---

1. 436 U.S. 658 (1978).

2. *See Gonzalez v. City of Elgin,* 06 C 5321, 2010 WL 2926234, at *2 (N.D. Ill. July 23, 2010)(*citing Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir.2008)).

3. *See Jaffee v. Redmond*, 518 U.S. 1 (1996).

4. *See U.S. v. Bek*, 493 F. 3d 790, 780 (7th Cir. 2007).