

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP 09 2011
Sep 9, 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Rickey L. Stevenson, A.K.A.
Ronnie L. McAtee
    Plaintiff,

vs.

Richard M. Daley, ET AL,
    Defendants.

Case No. 09-CV-2699

The Honorable:
Susan E. Cox
Magistrate Judge.

Motion for Judgement as a Matter of Law
or in the Alternative,
Motion for a New Trial

Now comes Plaintiff Rickey L. Stevenson, in Pro-Se, After a Jury entered a verdict against Plaintiff and respectfully moves this Honorable court pursuant to f.R.c.p. Rule-50(b) and/or Rule-59(A) to set-aside the Jury findings in favor of defendants in the above entitled cause and grant Plaintiffs' Motion for Judgement as a Matter of Law, or in the Alternative, grant a New Trial, it being expressly understood that the Pro-Se Plaintiff has not yet been furnished with an official

Transcripts of the Jury Trial, without Prejudice to or waiving the later discovery of Error in the Trial Record.

In Support Thereof, The Plaintiff states as follows:

#1.) On or about July 26th, 2011, a Jury-Trial was held in the Plaintiffs' case wherein he alleged that defendants used excessive force against him in violation of his Constitutional Rights.

#2.) On July 29th, 2011, The Jury Deliberated and then unanimously found a verdict in favor of defendants and against Plaintiff.

#3.) The Plaintiff contends that the "Jury-Verdict" was against the manifest weight of the evidence presented at trial.

#4.) The Magistrate Judge "erred" in admitting the Plaintiffs' (4) four prior felony convictions for (Burglary), wherein defendants violated F.R.E. Rule-609(b) and F.R.C.P. Rule-26(A) in failing to meet disclosure requirements (F.R.C.P. 37(c) in which was prejudicial to Plaintiffs' case in all aspects. In addition, the Trial Court

also "erred" in failing to conduct a hearing pursuant to F.R.E. 609 (A)(2) to determine whether Plaintiffs' burglary convictions involved any degree of dishonesty and false statements etc.,

See: U.S. v. Rodriquez-Adrade (1995, CA 7 Ill.) 63 F.3d 948, 42 Fed. Rules Evid Serv 1276;
U.S. v. Little (1977, CA8 Ark) 567 F.2d 346, 2 Fed. Rules Evid Serv. 830, cert. den (1978), 435 U.S. 969 56 L.Ed.2d 60, 98 S.Ct. 1608;

#5.) The Magistrate Judge error in allowing Plaintiffs' prior four felony burglary convictions in evidence was prejudical to his case and only operated as a confusion tool i.e., issues, and provoked the doctrine of a "trial within a trial" on his prior convictions thus, confusing the jury and trivializing Plaintiffs' claims.

#6.) The Plaintiff was denied a fair and impartial trial by jury, wherein he was not allowed to select from a pool of fresh minded jurors whom have not already served on a jury and that "majority" of the jurors impaneled in Plaintiffs' case had already served as jurors

A week before Plaintiffs' trial in a "unrelated" trial before U.S. District Judges Leinenweber and Judge Kocras etc., and that quite a few of the jurors served in the same cases, in which some of the jurors may have created alliances with one another, thus, creating the appearance of impropriety etc., tainting the jury process.

#7.) The Plaintiff was denied a fair-trial by the intentional misconduct of defense counsel Shneur Z. Nathan, tactics of improperly-violating orders of the court to refrain from eliciting testimony of Plaintiffs prior litigation history that was barred by the court via - Plaintiffs' Motion in Limine #5 Doc.# 71 and counsel's tactics also involved "hollering or raising his voice at Plaintiff and the Jury in an intimidating manner and did this throughout the trial and engaged in finger-pointing at Plaintiff in a disresptfull manner and counsel Nathan has a history of such misconduct in a previous case and was "warned" by U.S. District Judge Ruben Castillo in an unrelated trial.
See: Pl. Ex ( ) Annexed.

#8.) The Plaintiff was denied a fair and impartial trial by Defendant Defense counsel's, in which they violated the explicit orders of the Court relative to Plaintiffs' Motion in Limine No.# 2 (Doc.No.# 68) to refrain from inquiring or presenting specific evidence surrounding these convictions of his prior burglaries, in which was "ignored" by defense counsel specifically - referring to the underlying burglary in case No.# 07-CR-20079, wherein the excessive force claim arose, in which was prejudicial to Plaintiffs' case and it caused and/or forced into the "trial within a trial" doctrine and only confound, confused and aiding in misleading the jury as to the issue's as to defendants conduct, relative to whether they used excessive force against Plaintiff.

#9.) The Trial Court "erred" in barring the Plaintiffs' expert testimony of Dr. S. Schnell and relevant Plaintiffs' motion for a continuance of his trial to enable him to comply with an complete Rule 26(A) disclosures that resulted in an unfair trial and had a substantial impact in which resulted in prejudice affecting the Plaintiffs' case as a whole.

#10.) The trial court "erred" in denying Plaintiffs' oral motion to prevent Defendants counsel from communicating with Plaintiffs' treating physician on the basis of medical privilege.

## Conclusions

Wherefore, for the various reasons urged before and during the Jury-Trial and every error as may appear from the official transcripts of the proceedings, Plaintiff request the court to grant a Judgement as a matter of law, or in the alternative, a new-trial.

Respectfully Submitted

*Rickey Stevenson*

Mr. Rickey L. Stevenson, A.K.A.
Ronnie L. McAtee
Reg. No. B-36520
Stateville Corr. Ctr.,
P.O. Box 0112
Joliet, Illinois 60434

suntimes

# City pushing back too strongly in suits against cops, lawyers say

BY NATASHA KORECKI AND FRANK MAIN

Staff Reporters

Last Modified: Feb 12, 2011 08:46PM

> *Ronnie,*
> *Mr. Nathan did this*
> *repeatedly in our trial too!*
> *Dd&Q*

Christopher Ries thought he'd finally won.

A jury awarded him $4 million for neck and back injuries he suffered after he was hit by a stolen Chicago Police squad car in 2002. Jurors faulted the police for leaving the suspect alone in the back of the squad with the keys in the ignition — and for then chasing the suspect.

But the city appealed, claiming the officers should receive immunity. And last month, the city won in the Illinois Supreme Court, canceling out Ries' award.

Chicago is getting more aggressive in fighting lawsuits against police officers — a strategy that's winning approval from the rank-and-file who believe the city settled too easily in the past.

But some plaintiffs and their attorneys complain the city is going too far.

"For the average citizen this is a very scary situation," said Ries' attorney, Scott Rudin. "It's a guilty verdict and there's no recourse for this guy. This is something where the city should have stood up and said, 'You know what? We're wrong.'"

Law Department spokeswoman Jennifer Hoyle explained the city started asking outside lawyers to take "defensible" lawsuits to trial for $25,000 each. They get a $15,000 bonus for winning. As a result, the number of new lawsuits alleging police misconduct dropped by 47 percent in 2010, Hoyle said.

In one example of this get-tough approach, three cops won a jury verdict the plaintiff is now challenging — saying the defense attorney engaged in aggressive, unfair conduct at trial.

The officers were accused of framing Jeremy Venson by planting crack cocaine on him. A jury handed down a verdict in the officers' favor in February.

Now Venson — who claimed he spent 18 days in jail on a false charge that was dismissed — is asking for a new trial. He claims one of the defense attorneys for the officers <u>improperly elicited testimony about evidence that was barred by the judge.</u>

The testimony made U.S. District Judge Ruben Castillo furious.

"I don't know where you learned your trial procedures," the judge told the attorney, <u>Shneur Nathan</u>. "I don't

know if it's 'Boston Legal' or anything else, sir. I've been teaching trial litigation for more than 20 years, so take this to heed. If you keep going this way, you are going to lose your license."

Irene Dymkar, an attorney for Venson, said he deserves a new trial because Nathan's tactics resulted in an unfair trial. The request is pending. Nathan declined comment.

Dymkar lost a different lawsuit against two police officers in January and has filed a motion for a new trial in that case, too, seeking sanctions against the defense attorney for alleged misconduct during the trial.

Venson, meanwhile, is back in jail in a separate case, records show.

The Ries case is another example of the city's aggressive approach to police lawsuits, Rudin said.

Rudin said the city should have settled. The jury found that the city engaged in a course of conduct that showed "an utter indifference to or conscious disregard for the safety of others," according to the verdict.

Ries' lawyers had claimed the Chicago officers violated their own pursuit rules and were chasing the stolen squad when it smashed into Ries, who was sitting in his car at a stoplight at Western and Pratt.

Ries remains on the hook for hundreds of thousands of dollars in medical bills. His lawyers are asking the state's high court to re-hear the case.

"They should not have chased him. They basically pulled the trigger on this gun," Rudin said. "If they hadn't chased him, where was this guy going with a stolen police car?"

---

Copyright © 2011 — Sun-Times Media, LLC

IN THE
__UNITED STATES DISTRICT COURT__

__NORTHERN DISTRICT OF ILLINOIS__
EASTERN                          DIVISION

RICKEY L. STEVENSON, A.K.A.
__RONNIE L. McATEE__          )
Plaintiff/Petitioner          )
                              )
Vs.                           )    No.# 09-CV-2699
                              )
__RICHARD M. DALEY, ET AL.__  )
Defendant/Respondent          )

PROOF/CERTIFICATE OF SERVICE

TO: Michael W. Dobbins            TO: Jonathan M. Boulahanis
    CLERK of the Court                Shneur Z. Nathan
    219 South Dearborn, STR.          53 West Jackson, STR.
    Suite-2302-B                      Suite-1800
    Chicago, Illinois 60604           Chicago, Illinois 60604

Enclosed: Motion for Judgement as a Matter of Law or in the Alternative, A New-Trial;

PLEASE TAKE NOTICE that on __August 29th__, 20 __11__, I placed the attached or enclosed documents in the institutional mail at __Stateville__ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service.

DATED: __8/29/11__

/s/ __Rickey Stevenson__
NAME: __Rickey L. Stevenson__
I.D.O.C.#: __B-36520__
__Stateville__ Correctional Center
P.O. Box: __0112__
__Joliet__, IL __60434__

Subscribed and sworn to before me this ____ day of _____, 20____.

_____
Notary Public